UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
11/21/2016
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

| | |
|---|---|
| INMATE # Bk No. 1510343370<br><br>Glenis E. Logan,<br><br>PLAINTIFF(S)<br>v.<br>California Institution for Women, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>EDCV 16-02086 MWF<br><br>**ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____     _____
Date                                                        United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay the filing fees.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☐ Other _____

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☐ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached statement of decision.

November 17, 2016                                    *Rozella A. Oliver*
Date                                                        United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).
- ☐ **DENIED**. Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
- ☒ **DENIED**, and this case is hereby DISMISSED immediately.
- ☐ **DENIED, with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days, this case shall be DISMISSED.

November 21, 2016                                    *Michael W. Fitzgerald*
Date                                                        United States District Judge

CV-73P (08/16)
ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

5:16-cv-02086-MWF-RAO

Glenis E. Logan v. California Institution for Women, et al.

      Plaintiff Glenis E. Logan ("Plaintiff") previously filed a request to proceed in forma pauperis ("IFP") (Dkt. No. 2), and the Court denied that request (Dkt. No. 4).  The Court noted that Plaintiff's complaint failed to identify the grounds for this Court's jurisdiction or any theory under which it seeks relief.  (Dkt. No. 4 at 2.)  Plaintiff was granted leave to amend her complaint but was instructed that if she chose to file an amended complaint, she was required to demonstrate a basis for federal subject matter jurisdiction, allege separate causes of action, state a constitutional or statutory basis for each cause of action, and allege facts showing each defendant's wrongful acts in each cause of action.  (Id.)

      On November 14, 2016, the Court received from Plaintiff a letter apparently in response to the Court's denial of Plaintiff's IFP request.  (Dkt. No. 7.)  However, Plaintiff's letter does not address the deficiencies noted in the previous denial.  Plaintiff's letter simply reiterates a narrative of events that was included in her original complaint, mentioning various injuries that Plaintiff received while incarcerated and vaguely alleging retaliation by staff members at the California Institution for Women.  As with Plaintiff's original complaint, Plaintiff's letter facially fails to state a claim upon which relief can be granted.

      Plaintiff was informed of the deficiencies in her complaint, but Plaintiff has failed to address those deficiencies.  Further leave to amend is not warranted here.  See Brown v. Fitzpatrick, __ F. App'x __, 2016 WL 3450394, at *1 (9th Cir. June 23, 2016) (mem.) ("The district court did not abuse its discretion in dismissing [the pro se prisoner plaintiff's] amended complaint without leave to amend after providing [the plaintiff] with one opportunity to amend."); Fosselman v. Hidalgo, 599 F. App'x 310, 310 (9th Cir. 2015) ("The district court did not abuse its discretion in denying [the prisoner plaintiff] further leave to amend after his first amended complaint failed to cure the deficiencies."); see also Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with extreme liberality, although when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation omitted) (internal quotation marks omitted)).

      For the foregoing reasons, Plaintiff is not entitled to IFP status in this Court.  In the interests of justice, the Court recommends that the application be denied and the action be dismissed.